THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARÍA LUISA ARECCO, Defendant and Appellant.

No. 11599. Argued December 13, 1946.—Decided May 19, 1947.

300

*J. J. Ortiz Alibrán* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On appeal the District Court of San Juan found María Luisa Arecco guilty in two cases of violation of § 9, in relation to § 4, of the Victory Tax Act (Act No. 29 of December 7, 1942 (Spec. Sess. Laws, p. 160), as amended by Act No. 62 of May 10, 1943 (Laws of 1943, p. 146) and Act No. 175 of May 15, 1943 (p. 630)) [1] and sentenced her to pay a fine of $25 and in default of such payment to serve one day in jail for each dollar left unpaid in each case. The cases were heard jointly in the lower court and the appeals taken by the defendant have been prosecuted likewise.

Appellant maintains that the trial court erred in finding her guilty notwithstanding the fact that the Victory Tax Act had been repealed at the time of the trial in the lower court, and also that said court lacked jurisdiction in those cases inasmuch as the repealing Act provides the procedure for the collection of taxes pending payment.

It is true that the Victory Tax Act was repealed by Act No. 327 of May 15, 1945 (Laws of 1945, p. 1264), which be-

---

[1] The offenses charged consisted in having failed to pay the Victory Tax corresponding to the semesters of July 1 to December 31, 1943, and January 1 to June 30, 1944.

came effective immediately after its approval, and that the hearing of these cases in the lower court took place on January 23, 1946. However, in our opinion, the lower court rightly applied to this situation § 386 of the Political Code of Puerto Rico, which provides that: "The repeal of any statute by the Legislative Assembly shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing Act shall so expressly provide and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

We have already decided that § 386, *supra,* is a saving clause by virtue of which the courts retain their jurisdiction to try and to sentence for an offense committed under the repealed Act, unless the repealing Act itself contains a provision expressly releasing or extinguishing any penalty imposed for a crime committed prior to its approval. *People v. Valentín,* 33 P.R.R. 39; *People v. Rodríguez,* 50 P.R.R. 34, and *Puerto Rico Ilustrado v. Buscaglia, Treas.,* 64 P.R.R. 870.

■■ Appellant urges that § 2 of Act No. 327 of 1945, that is, the repealing Act,[2] constitutes in turn a saving clause as to the procedure to be used for the collection of delinquent taxes and therefore that § 386, *supra,* is not applicable or was impliedly repealed by Act No. 327.

We cannot accept this reasoning. Section 2 of Act No. 327, *supra,* merely provides the procedure for the collection

---

[2] This Section provides as follows:

"Every person who on the date this Act takes effect owes taxes to the Treasury of Puerto Rico for the Victory Tax, shall pay the total amount of the indebtedness, with surcharges, interest, and penalties; *Provided,* That the Treasurer of Puerto Rico may require, should it be necessary, the payment of such taxes, surcharges, interest, and penalties, following the same attachment procedure prescribed by the Political Code for the collection of property taxes."

of delinquent taxes but it does not expressly or impliedly exonerate or excuse a taxpayer from any criminal responsibility which he might have incurred by virtue of the repealed statute. Section 386 itself provides that this exoneration should be "expressly" provided in the repealing statute, and therefore the general provision that "All laws or parts of laws in conflict herewith are hereby repealed," contained in § 4 of Act No. 327, does not constitute said express repeal. *Ex Parte Fallin*, 254 Pac. 477.

■ Appellant further contends that the facts alleged do not constitute a public offense. Appellant is wrong. Section 9 of the Act (as amended by Act No. 175 of 1943) provides, insofar as pertinent, that "Any violation of the provisions of this Act, or any omission to comply with the duties imposed by this Act, excepting such violations as are declared herein as felonies, shall constitute a misdemeanor . . . *When the violation consists in failing to pay amounts as a tax* or as a tax withheld at its source, the payment of the same plus interest, etc. . . . shall be a bar to the filing of a complaint in a criminal case and cause for its dismissal, if a complaint should have been filed. . . ." (Italics ours.)

So that the failure to pay the tax is an offense, but the mere fact of making payment with interest, surcharges, etc., bars its prosecution or causes its dismissal. The evidence showed that the defendant at no time paid the tax. Her only excuse was that she had requested an extension from the Treasurer and that he never answered. Officers from the Treasury Department testified that defendant's record did not reveal that said letter had been received.

The other errors assigned are untenable. The judgments rendered must be affirmed.